*Morales v. Local 32BJ SEIU*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of February, two thousand twenty-five.

Present:
> MICHAEL H. PARK,
> MYRNA PÉREZ,
> ALISON J. NATHAN,
> *Circuit Judges*.

_____

LUCIA A. MORALES,

> *Plaintiff-Appellant*,

v.                                                                      24-860

LOCAL 32BJ SEIU, ABM INDUSTRIES,
BROOKFIELD PROPERTIES,

> *Defendants-Appellees*.

_____

| | |
|---|---|
| FOR PLAINTIFF-APPELLANT: | Lucia Morales, pro se, Flushing, NY. |
| FOR LOCAL 32BJ SEIU: | Susan J. Cameron, SEIU Local 32BJ, New York, NY. |
| FOR ABM INDUSTRIES AND BROOKFIELD PROPERTIES: | Harry Weinberg, Law Offices of Harry Weinberg, PLLC, New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Wang, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Lucia Morales, proceeding pro se, appeals from the dismissal of her complaint against ABM Industries ("ABM"), Local 32BJ Service Employees International Union ("Local 32BJ"), and Brookfield Properties, without leave to amend. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## I. Dismissal of Complaint

"We review the grant of a motion to dismiss *de novo*." *Noto v. 22nd Century Grp., Inc.*, 35 F.4th 95, 102 (2d Cir. 2022). Drawing "all reasonable inferences in the plaintiff's favor," we consider whether the complaint "state[s] a claim to relief that is plausible on its face." *Id.* (quotation marks omitted).

Morales is a pro se litigant, so we construe her pleadings "to raise the strongest claims they suggest." *Sharikov v. Philips Med. Sys. MR, Inc.*, 103 F.4th 159, 166 (2d Cir. 2024). So construed, Morales's complaint raises a "hybrid" claim under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, and the implied duty of fair representation under the National Labor Relations Act, 29 U.S.C. §§ 151-169. *See DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 165 (1983). Morales says that (1) ABM, her employer, breached its collective bargaining agreement with her union, Local 32BJ; and (2) Local 32BJ failed to represent Morales fairly in an arbitration challenging ABM's alleged breach.

In a hybrid § 301/fair representation claim, "the Union's breach is a prerequisite to consideration of the merits of plaintiff's claim against her former employer for improper

2

discharge." *Young v. U.S. Postal Serv.*, 907 F.2d 305, 307 (2d Cir. 1990). "A union breaches the duty of fair representation when its conduct . . . is arbitrary, discriminatory, or in bad faith," which occurs "only if, in light of the factual and legal landscape at the time of the union's actions, the union's behavior is so far outside a wide range of reasonableness as to be irrational." *Sanozky v. Int'l Ass'n of Machinists & Aerospace Workers*, 415 F.3d 279, 282-83 (2d Cir. 2005) (cleaned up).

Morales's factual allegations do not create a plausible inference that Local 32BJ failed to represent Morales fairly in her arbitration against ABM. Morales says her Local 32BJ attorney did not "call her witnesses" or "indict the building manager." Appellant Br. at 6. But Morales alleges no facts suggesting that these decisions were "so far outside a wide range of reasonableness as to be irrational." *Sanozky*, 415 F.3d at 282-83. As such, we find no error in the district court's dismissal of Morales's complaint.

## II. Leave To Amend

"We review a district court's denial of leave to amend for abuse of discretion, unless the denial was based on an interpretation of law, such as futility, in which case we review the legal conclusion *de novo*." *Empire Merchs., LLC v. Reliable Churchill LLP*, 902 F.3d 132, 139 (2d Cir. 2018). "Futility is a determination, as a matter of law, that proposed amendments would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6)." *Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012).

Here, the district court correctly concluded that amendment of Morales's complaint would be futile. Morales sought to amend based on "new evidence" of another employee's suspension, but this allegation would have no bearing on whether Local 32BJ fairly represented Morales at her arbitration.

\* \* \*

3

We have considered Morales's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**. Morales's motion to vacate the district court decision is **DENIED** as moot.

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk of Court